IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TRUSTEES OF LOCAL 309 ELECTRICAL HEALTH AND WELFARE FUND, et al.,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| vs. | ) Case No. 16-cv-0275-MJR-RJD ) |
| **RICHARD SCHUH,** d/b/a Edwardsville Electric, | ) ) ) |
| **Defendant.** | ) |

### MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiffs (a labor union and the trustees of various employee benefit funds) filed this suit to recover delinquent fringe benefit contributions and liquidated damages and to otherwise enforce obligations under labor agreements executed by Richard Schuh, who does business as Edwardsville Electric (Defendant). Subject matter jurisdiction lies under the federal question statute, 28 U.S.C. 1331.  In addition to damages, the complaint prayed for an order requiring Defendant to submit his books and records for financial examination by an accountant, to determine the precise amounts due.

Properly served, Defendant failed to respond to the complaint.  Plaintiffs obtained a clerk's entry of default against Defendant under Federal Rule of Civil Procedure 55(a) on May 24, 2016.  In July 2016, they moved for default judgment under Federal Rule of Civil 55(b).  The motion sought all the components of relief requested in

the complaint, including damages and an accounting/audit of Defendant's payroll records. The latter is required so that Plaintiffs can "completely calculate the interest and liquidated damages due" on the unpaid contributions for the period in question (Doc. 11, p. 3). Defendant filed no response to the motion for default judgment.

On August 5, 2016, the undersigned District Judge granted the motion for default judgment finding, inter alia (Doc. 13, pp. 2-3): "that Plaintiffs are entitled to an accounting and audit (at Defendant's expense) of Defendant's books and records to determine the precise amounts owed to Plaintiffs for the period of January 1, 2012 through present. Plaintiffs also are entitled to payment of unpaid contributions owed by Defendant for that period, together with interest and liquidated damages, reasonable attorneys' fees, and costs incurred in this case, as set forth in the complaint and in the motion at Doc. 11, p. 4." The undersigned directed Plaintiffs' counsel *after the audit was completed* to submit a supplemental motion and proposed order setting forth the exact amount of each component of damages.

Two months later, Plaintiffs advised the Court that they had served a copy of the August 5th Order on Defendant by mail, and that Defendant had not responded to the Order or produced any documents needed to complete the audit, thereby hampering Plaintiffs (fiduciaries of the benefit funds) in performing their duty to review the records and collect the contributions. Plaintiffs asked for issuance of a show cause order against Defendant.

The Honorable Reona J. Daly, United States Magistrate Judge, granted the motion on October 13, 2016, in an Order directing Defendant to show cause why he shouldn't be sanctioned for failure to comply with the August 5, 2016 directive. Judge Daly ordered Defendant to respond by November 18, 2016 but did not specify what sanction or action might be imposed if he failed to do so and did not set a hearing or direct Defendant to appear at a specified date and place with the payroll records. Judge Daly's Order was mailed by Plaintiffs to Defendant on October 14, 2016 (see Doc. 17). Defendant filed no response by the November 18th deadline Judge Daly imposed.

On December 9, 2016, Plaintiffs filed a motion asking that Defendant be held in contempt for failure to comply with Judge Daly's show cause Order. The December 9th motion (supported by an affidavit from Plaintiffs' counsel) attests that Defendant has failed to produce any documents as directed by the August 5th default judgment Order and failed to respond to Judge Daly's October 13th show cause Order. Plaintiffs ask that the Court hold Defendant in contempt and, <u>as a sanction</u>, (1) assess a fine of $200 per day of noncompliance with the Court's 8/5/16 and 10/13/16 Orders, (2) award Plaintiffs their attorneys' fees and costs resulting from Defendant's noncompliance, and (3) issue a writ of body attachment for Defendant.[1]

---

[1] A writ of body attachment typically is used to seize a party to a civil proceeding and bring him before the court, for instance if he failed to appear for a prior court hearing. Plaintiffs have not specifically requested a hearing or explained what the writ would be used for here, they simply note that a writ of body attachment "has … been recognized as an appropriate sanction to compel an employer to submit to an ERISA audit" Doc. 21, p. 2).

The record indicates disregard by Defendant Schuh for the Orders issued herein. And the undersigned appreciates Plaintiffs' frustration in attempting to obtain the payroll records to determine the amounts to which they are entitled by the default judgment Order herein. But it is premature to grant the December 9, 2016 motion for *contempt* without an additional step being taken. So the Court **DENIES AT THIS TIME** Doc. 21, as explained below.

The motion asks the Court to hold Defendant in civil contempt for refusing to comply with lawful orders issued in this case. Caselaw makes clear that a court's contempt power must be exercised with utmost restraint. Similarly, a court's inherent power to sanction a party for conduct which abuses the judicial process (e.g., by assessing attorney's fees as a sanction), "must be exercised with restraint and discretion." *Trade Well Intern. v. United Cent. Bank,* **778 F.3d 620, 626 (7th Cir. 2015),** *citing Chambers v. Nasco, Inc.,* **501 U.S. 32, 44 (1991).** The Seventh Circuit recently explained that the civil contempt and criminal contempt are governed by significantly distinct procedures and designed to achieve different purposes, so a district court must take care not to blur the lines in handling a motion for contempt.

As a general rule, civil contempt relief is coercive or remedial. It is "designed either to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the contumacy." *Lightspeed Medial Corp. v. Smith,* **830 F.3d 500, 508 (7th Cir. 2016),** *quoting United*

*States v. Dowell,* **257 F.3d 694, 699 (7th Cir. 2001).** Criminal contempt sanctions are punitive, meant to "vindicate the authority of the court." *Id.* Civil contempt may be imposed if proven by clear and convincing evidence, but criminal contempt can be imposed only after the alleged contemnor has been afforded the full protections the Constitution provides for criminal proceedings (and the procedures set forth in Federal Rule of Criminal Procedure 42, which include notice, appointment of a prosecutor, and a trial). *Lightspeed,* **830 F.3d at 508,** *citing Dowell,* **257 F.3d at 699, and** *Hicks ex rel. Feiock v. Feiock,* **485 U.S. 624, 632 (1988).**

Fines can be a form of civil contempt *or* criminal contempt. A monetary penalty for a wrong committed in federal court is civil if designed to compensate for harm done but criminal if its purpose is to vindicate the court's authority. *Lightspeed,* **739 F.3d at 508.** **See also Autotech Tech. LP v. Integral Research & Dev. Corp., 499 F.3d 737, 752 (7th Cir. 2007),** *cert. denied,* **562 U.S. 1231 (2008) (Civil contempt sanctions "must relate" to one of two purposes – compel compliance with a court order or compensate the complainant for a loss caused by the contemptuous action; if the former, the court must consider the "character and magnitude of the harm threatened ... and the probable effectiveness of any suggested sanction in bringing about the desired result.").**

The undersigned believes the appropriate next step is for Judge Daly – *by separate Order to be served on Defendant by the United States Marshals Service* (with proof of service

made in the record) – to **set an in-court hearing at a specified date and time**, and order Defendant to attend and produce the relevant payroll records.  Defendant should be plainly warned that *if* he fails to appear and produce the records at the show cause hearing, the Court then will reconsider (and set an in-court hearing on) the motion at Doc. 21, and will issue a writ of body attachment to bring Defendant before Judge Daly for a hearing on the imposition of possible sanctions, including civil contempt proceedings or whatever other sanction Judge Daly deems applicable and appropriate here.

The Clerk's Office shall send a copy of this Order by certified mail to Defendant at the address listed in Doc. 17 (and make an entry on the docket reflecting service/mailing).

IT IS SO ORDERED.

DATED: December 12, 2016.

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge